UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEANDRE L. BLAIR,

        Plaintiff,

  v.                                          Case No. 25-cv-656-pp

RACINE CHILD SUPPORT AGENCY,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

On May 5, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The plaintiff alleges that the defendant has improperly placed liens him for unpaid child support. Dkt. No. 1 at 2–3. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will dismiss the case for lack of jurisdiction.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets they possess[]").

The plaintiff's affidavit states that he is unmarried with two dependents. Dkt. No. 2 at 1. He states that he is unemployed with no monthly wages or salary, but that he received $9,600 over the last twelve months as a caregiver for Hunting for More Love Adult Family Home. Id. at 2. He say that he currently has no money in cash on hand or in bank accounts. Id. at 3–4. The plaintiff states that he has $675 in total monthly expenses. Id. at 2–3. This includes $375 in rent and $160 in other household expenses. Id. at 2. The plaintiff does not have a car or other property of value. Id. at 3–4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against a defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B. The Complaint

The plaintiff alleges that in December 2024, he received a "notice of lien redetermination and credit bureau reporting" in the mail. Dkt. No. 1 at 2. The plaintiff states that the defendant "refuse[d] to say why [the plaintiff] was being reported to the Credit Bureau," but that he learned the defendant had "opened several Title IV-D case[s] against [him] from 2003 to as late as 2025." Id. at 2–3. He states that he was able to review some documents from the defendant, including a judgment of paternity, but that he noticed that the documents were not "signed by the Clerk or had the Seal of the Court." Id. at 2–3. He alleges that the defendant improperly has used these judgments to garnish his wages, place liens on him and "lock[] [him] up for refusing to sign a new stipulation for which [he] was coerced to sign from the [beginning]." Id. at 3. The plaintiff states that he is suing for a violation of federal law, asserting that the defendant's actions violated 28 U.S.C. §1691 and his due process rights under the Constitution. Id. at 4.

The plaintiff attached four of notices, all dated November 3, 2024, stating that the plaintiff has four liens for past-due child support in amounts ranging from $8,757.09 to $44,022.14. Dkt. No. 1-1 at 1–8. A letter from the defendant dated December 1, 2024 states that the plaintiff owes $38,066.22 in child support for one of these cases. Id. at 9–10. The plaintiff also attached several summonses from the defendant for various paternity cases and a judgment of paternity. Id. at 11–34.

C. <u>Analysis</u>

The plaintiff appears to be disputing the amount of child support he owes (or whether he owes support at all). This federal court first must determine whether it has jurisdiction over this claim. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that he is suing for a violation of federal law, specifically the due process clause of the Constitution and 28 U.S.C. §1691.[1] Dkt. No. 1 at 5. But "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" <u>Syph v. Arce</u>, 772 F. App'x 356, 357 (7th Cir. 2019) (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 307-08 (2006)). "The Seventh Circuit applies the domestic-relations exception to cases where a plaintiff seeks relief

---

[1] Section 1691 of Title 28 is titled "Seal and teste of process." It states, "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." Because the orders and notices the plaintiff seeks to challenge here were issued by a *state* court, not by a court of the United States, this statute does not apply.

'associated with . . . a decree of . . . child support.'" Gillette v. Gillette, Case No. 23-CV-767, 2023 WL 4207730, at *3 (E.D. Wis. June 27, 2023) (quoting Dawaji v. Askar, 618 F. App'x 858, 860 (7th Cir. 2015)); see also Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." Syph, 772 F. App'x at 357 (citing Sykes v. Cook Cnty. Cir. Ct. Probate Div., 837 F.3d 736, 741 (7th Cir. 2016)). Because the plaintiff's complaint seeks relief from child support payments, his lawsuit "falls squarely within the domestic-relations exception" to federal jurisdiction. Id.

To the extent the plaintiff is challenging state court *judgments* imposing his child support obligations, that challenge is barred by the Rooker-Feldman doctrine.[2] Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) ("Plaintiffs who lose in state court may not recast their claims in federal court under the guise of federal constitutional claims . . . if the constitutional claims are inextricably intertwined with the merits of the state court judgment.") (quotations omitted); Syph, 772 F. App'x at 357 (7th Cir. 2019) (upholding dismissal under Rooker-Feldman doctrine where plaintiff's federal case challenged state court rulings on "attempts in state-court litigation to modify . . . child-support obligations"); Johnson v. Lockyer, 115 F. App'x 895, 896-97 (7th Cir. 2004) ("The district court rightly observed that Johnson's core grievance is really about the validity

---

[2] Named after Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

6

of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the Rooker–Feldman doctrine . . .. [T]he registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court."). The court does not have federal question jurisdiction.

Nor does this court have diversity jurisdiction. For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under §1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citations omitted). The complaint states that both the plaintiff and the defendant are Wisconsin residents, dkt. no. 1 at 1–2, so this case lacks complete diversity.

Because the court has neither diversity jurisdiction nor federal question jurisdiction, it cannot adjudicate the plaintiff's claims. "If the plaintiff disagrees with the amount of child support owed or the efforts to collect any past due balance, he must pursue relief through the state court system or the appropriate state agencies." Cords v. Wis. State Att'y Gen., Case No. 13-cv-469, 2013 WL 3974060, at *2 (W.D. Wis. Aug. 2, 2013). This federal court does not have subject-matter jurisdiction over the dispute.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-

7

1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing <u>Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court does not have jurisdiction over the plaintiff's child support dispute.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because this federal court lacks jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**